**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | |
|---|---|
| IN RE: ] | |
| ] | **CHAPTER 11** |
| MULLIS GARAGE & AUTO, LLC, ] | **CASE NO. 15-30116-SDB** |
| ] | |
| DEBTOR. ] | |
| _____] | |

**ORDER ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(b), AND (II) GRANTING RELATED RELIEF**

Upon Motion of MULLIS GARAGE & AUTO, LLC, the Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "Debtor"), (this "Motion") pursuant to sections 105, 361, 362, 364(b), of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of the proposed order (the "Order") authorizing the Debtor to (i) obtain post-petition financing consisting of unsecured administrative claim subject to the terms and conditions of the Loan Agreement (as defined below) with D A V I D  L.  M U L L I S ("Lender"), pursuant to the terms of the Order and together with any related documents and instruments delivered pursuant to or in connection therewith as generally summarized by the Loan Agreement; and (ii) granting related relief, including the modification of the automatic stay imposed under section 362 of the Bankruptcy Code to the extent necessary to permit the Debtor and Lender to implement the terms of this Order, the Court finds:

1. On May 1, 2015, (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is in the vehicle maintenance and repair, and used parts business, and employs approximately 8 persons.

4. Based upon the pleadings and proceedings of record in the Chapter 11 Case, the Debtor does not have sufficient available sources of working capital and financing to carry on the operation of its business without the Loan Agreement, attached hereto as Exhibit "A" and incorporated herein by reference.

5. As a result of the Debtor's financial condition, the use of Cash Collateral would be insufficient to meet the all of the Debtor's immediate post-petition liquidity needs.

6. The Debtor's ability to maintain business relationships with its vendors, suppliers and customers, pay its employees, purchase and supply new inventory and otherwise finance its operations is essential to the Debtor's continued viability.

7. In addition, (i) the Debtor's critical need for financing is immediate; (ii) in the absence of the Loan Agreement, the continued maintenance and limited operation of the Debtor's business would not be possible and serious and irreparable harm to the Debtor and its estate would occur; and (iii) the preservation, maintenance and enhancement of the going concern value of the Debtor is of the utmost significance and importance to a successful reorganization of the Debtor.

8. The Debtor is unable to obtain sufficient interim and long-term financing from sources other than from the Lender on terms more favorable than under the Loan Agreement which provides unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

9. Based upon the pleadings and proceedings of record in the Chapter 11 Case, (i) the terms and conditions of the Loan Agreement are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duty and are supported by reasonably equivalent value and fair consideration. The Loan Agreement is post-petition financing from an insider, specifically the sole owner of the Debtor.

**IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

(a) Authorize the Debtor to enter into the Loan Agreement with Lender in accordance with the terms and conditions of Exhibit "A";

(b) Lender shall have an unsecured administrative lien pursuant to 11 U.S.C. Sec. 364(b);

(c) Lender is granted stay relief to effectuate the terms of the Factoring Agreement and this order;

(d) Bankruptcy Rule 6004(a) and (b) are hereby waived; and

(e) The Debtor shall segregate all loan proceeds in a D.I.P. separate from any pre-petition and post-petition ash collateral.

**END OF DOCUMENT**

PREPARED BY:

JON A. LEVIS
ATTORNEY FOR DEBTOR
MERRILL & STONE, LLC
POST OFFICE BOX 129
SWAINSBORO, GA 30401
(478) 237-7029
(478) 237-9211 FAX
E-MAIL: levis@merrillstone.com