UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| MULLIS GARAGE | * | Chapter 11 |
| & AUTO PARTS, LLC | * | |
| Debtor | * | Case No. 15-30116-SDB |
| | * | |
| | * | |

DEBTOR'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF CHAPTER 11 PROFESSIONALS

MULLIS GARAGE & AUTO PARTS, LLC, through the undersigned counsel, hereby moves this Court for entry of an order establishing procedures for interim compensation and reimbursement of Chapter 11 professionals. In support of this motion the Debtor states the following:

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This motion involves a core proceeding as that term is used in 28 U.S.C. §157(b)(2)(A). As such, the Court has subject matter jurisdiction over the present matter pursuant to 28 U.S.C. §157(b)(1).

3. On May 1, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is currently operating its business as a Debtor in Possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. The Debtor seeks the entry of an order pursuant to sections 105(a) and 331 of the Bankruptcy Code establishing an orderly, regular process for the allowance and payment of compensation and reimbursement owed to professionals whose services

are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

5. The Debtor requests that the Court enter an Order establishing the following Compensation Procedures:

   a. On or about the 25th day of each month (the "Fee Filing Date") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation shall file with the Court a monthly fee statement (each a "Monthly Fee Statement") for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Statement on:

      i. Debtor: Mullis Garage & Auto Parts, LLC, Post Office Box 57, Dublin, GA 31040, Attn: David Mullis;

      ii. Counsel for the Debtor: Merrill & Stone, LLC, Post Office Box 129, Swainsboro, Georgia 30401, Attn: Jon A. Levis;

      iii. Committee Counsel (when and if appointed by the United States Trustee); and

      iv Office of the United States Trustee, Johnson Square Business Center, 2 East Bryan Street, Suite 725, Savannah, GA 31401.

   Collectively, the foregoing parties shall be referred to as the "Notice Parties."

   b. The Monthly Fee Statement shall include: reasonably detailed time entries for which compensation is sought; the name of the billing professional for each

      time entry; said professional's hourly rate; and, the fee sought for each entry. In addition, the Monthly Fee Statement shall include: a description of each item or service for which expense reimbursement is sought; the billing rate for each item or service; and the amount of reimbursement requested for each item or service for which expense reimbursement is sought.

c.    Each Notice Party will have twenty-five (25) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and file an objection thereto (the "Objection Deadline") by serving a written statement identifying each objectionable time entry and expense included in the Monthly Fee Statement (the "Objection"). Upon the expiration of the Objection Deadline, if no objections have been filed, the Professional shall file a certificate of no objection. The Debtor will then be authorized to pay each Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment") or

d.    If any objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Interim Payment") not subject to that objection pursuant to subparagraph (e) below.

e.    If any Notice Party objects to the Monthly Fee Statement of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on

       the Affected Professional and each of the Notice Parties. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within 20 days after the service of the Objection, the Affected Professional may either:

    i. file the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Permitted Interim Payment made to the Affected Professional (the "Objection Amount"), and request a hearing on the matter; or

    ii. forego payment of the Objection Amount until the next interim or final fee hearing, at which time the court will consider and dispose of the Objection if so requested by the parties.

f. Beginning with the period ending June 30, 2015, and at three month intervals thereafter, or at such other intervals that may be convenient to the court (each, an "Interim Fee Period"), within thirty (30) days of the end of an Interim Fee Period, each Professional shall file with the Court and serve on the Notice Parties and parties to whom service is required pursuant to Federal Rule of Bankruptcy Procedure 2002(a), an Interim Fee Application (an "Application") pursuant to Section 331 of the Bankruptcy Code. Said Application shall request the Court's interim approval and allowance of the compensation and reimbursement of expenses sought in the three Monthly Fee Statements filed during such Interim Fee Period. The Application must

        include a summary of the Monthly Fee Statements that are the subject plus any other information required in a fee application by the Court, the Bankruptcy Code, applicable case law, and any applicable Local rules.

   g. Any Professional that fails to file an Application when due will be ineligible to receive further interim payments of fees and expenses under the Compensation Procedures until such time as the Professional submits such Interim Fee Application.

   h. The Debtor shall request that the Court schedule a hearing on the pending Applications at least once every six months. The Debtor, and/or any Affected Professional, may request a hearing be held every three months or at such other intervals, as the Court deems appropriate.

   i. The pendency of an Objection to a Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

6. The Debtor believes that approval of the foregoing procedures will promote the efficient administration of these bankruptcy cases by the Court, and will provide the U.S. Trustee and the Professionals and orderly and timely process for the review and payment of Professional fees and reimbursement of expenses.

7. Notice of this Motion has been given to the following parties: to the Noticed parties referenced above, and the twenty largest unsecured creditors for the Debtor.

WHEREFORE, the Debtor respectfully requests the entry of an Order granting the relief requested herein and such other and further relief as is appropriate under the circumstances.

Dated: May 1, 2015.

Respectfully submitted,

Mullis Garage & Auto Parts, LLC

**MERRILL & STONE, LLC**

_____s/Jon A. Levis_____
JON A. LEVIS
ATTORNEY FOR DEBTOR
GEORGIA BAR NO: 448848

LAW OFFICES:

MERRILL & STONE, LLC
SECOND FLOOR - MITCHELL BUILDING
101 SOUTH MAIN STREET
POST OFFICE BOX 129
SWAINSBORO, GA 30401
(478)237-7029
(478)237-9211 – FAX

GEORGIA, EMANUEL COUNTY

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF CHAPTER 11 PROFESSIONALS and ORDER** upon:

Matthew E. Mills, Esq.
Office of the U.S. Trustee
Johnson Square Business Center
2 East Bryan Street, Suite 725
Savannah, GA  31401

by email and/or placing a copy of the same in the United States Mail with adequate postage affixed thereto.

This the 1st day of May, 2015.

        MERRILL & STONE, LLC


          s/Jon A. Levis
        JON A. LEVIS
        ATTORNEY FOR DEBTOR
        GEORGIA BAR NO.  448848

LAW OFFICES:

MERRILL & STONE, LLC
SECOND FLOOR - MITCHELL BUILDING
POST OFFICE BOX 129
SWAINSBORO, GA  30401
(478)237-7029
(478) 237-9211 FAX